UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>    Defendants. | No. 2:15-cv-2590 CKD P<br><br>ORDER |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of a magistrate judge to conduct all proceedings in this action. (ECF No. 5.)

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

1  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by
2  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
3  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  II.  Screening Standard

5  The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  In order to avoid dismissal for failure to state a claim a complaint must contain more than
18  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
19  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
20  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
22  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
23  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
24  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
25  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
26  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
27  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
28  U.S. 232, 236 (1974).

III. <u>Allegations</u>

Plaintiff names Dr. Galang and the California Health Care Facility as defendants. On June 27, 2014, plaintiff broke his right hand and was examined by Dr. Galang, who diagnosed him with a fracture. (ECF No. 1 at 3, 10.) Galang discussed surgical and non-surgical options with plaintiff. (<u>Id.</u> at 10.) Plaintiff opted to have surgery: "closed reduction and percutaneous pinning of the right metacarpal." (<u>Id.</u>) Medical notes attached to the complaint indicate that surgery was performed to insert pins ("K-wires") in plaintiff's hand.[1] (<u>Id.</u> at 11.) On September 24, 2014, Dr. Galang examined plaintiff and noted that the fracture was healing well and the alignment was good. (<u>Id.</u> at 12.) He further noted that plaintiff was scheduled to have the pins in his right hand removed and begin occupational therapy. (<u>Id.</u>) On October 10, 2014, Dr. Galang operated on plaintiff to remove the pins, noting that the fracture was healed. (<u>Id.</u> at 13.)

Plaintiff alleges that the first surgery never took place or was incomplete, because "the 'before' and 'after' X-rays were completely identical." (<u>Id.</u> at 3.) He alleges that his hand was not "repaired properly" and that CHCF did not provide him proper medical care. (<u>Id.</u> at 3-4.)

IV. <u>Medical Indifference</u>

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. <u>Id.</u>; <u>see</u> <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006); <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir. 1991), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

---

[1] While the court must assume that plaintiff's factual allegations are true, it is not required to accept as true allegations that contradict exhibits attached to the complaint or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. <u>Daniels–Hall v. National Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010).

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Under this standard, plaintiff has failed to state a medical indifference claim against any defendant. At most, his allegations amount to a disagreement with Dr. Galang about the proper course of treatment for his hand. Because plaintiff fails to a state a cognizable claim, his complaint will be dismissed. However, he will be granted one opportunity to amend the complaint.

V. Leave To Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how

4

1  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
2  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
3  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
4  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
5  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
6  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
8  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
9  complaint be complete in itself without reference to any prior pleading.  This is because, as a
10 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
11 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
12 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
13 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14       In accordance with the above, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

16       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
17 shall be collected and paid in accordance with this court's order to the Director of the California
18 Department of Corrections and Rehabilitation filed concurrently herewith;

19       3.  Plaintiff's complaint is dismissed for failure to state a claim; and

20       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
21 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
22 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

5

assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

Dated: February 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / ford2590.14.new